UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MISSISSIPPI DIVISION OF THE UNITED SONS OF                     PLAINTIFF/
CONFEDERATE VETERANS AND PRESIDENTIAL                     COUNTERDEFENDANT
LIBRARY, KNOWN AS "BEAUVOIR", DOING BUSINESS
AS JEFFERSON DAVIS HOME

V.                                                                   CIVIL ACTION NO. 1:06cv731-LTS-RHW

CHARTER OAK FIRE INSURANCE COMPANY; ST. PAUL                     DEFENDANTS
TRAVELERS COMPANIES, INC.; JIM PRICE, INDIVIDUALLY
AND AS AGENT OF CHARTER OAK FIRE INSURANCE
COMPANY AND ST. PAUL TRAVELERS COMPANIES, INC.
DOING BUSINESS AS PRICE & ASSOCIATES; AND
FIRELINE RESTORATION, INC.                              DEFENDANT/COUNTERCLAIMANT

**ORDER**

      There are two motions pending in this cause of action arising from Hurricane Katrina: 1) Defendant St. Paul Travelers Companies, Inc.'s (St. Paul) [8] Motion to Dismiss; and 2) Plaintiff/Counterdefendant Beauvoir's [20] Motion to Dismiss Counterclaim of Defendant/Counterclaimant Fireline Restoration, Inc. (Fireline). The former is based on the claim that St. Paul is not the insurer of the policy issued to Beauvoir, while the latter is aimed at Fireline's corporate status and qualifications to do business in the State of Mississippi.

      In considering a motion under Fed. R. Civ. P. 12(b)(6) (although St. Paul does not identify the authority under which it seeks dismissal), the Court must accept as true the well-pleaded facts set out in the complaint (or, in Fireline's case, the counterclaim), and the Court must allow all inferences favorable to Plaintiffs. *Lowery v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997). Dismissal is proper only if it appears that the respective Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

      As to [8], St. Paul has provided very little in the way of evidence to support its position. While it may be determined ultimately that St. Paul has no liability in this matter, Beauvoir is entitled to pursue St. Paul's ties to Charter Oak Fire Insurance Company. *See also* Fed. R. Civ. P. 21 ("Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

      Fireline is a contractor engaged in hurricane repair and restoration. As pointed out in

its[23] response to Beauvoir's [20] motion to dismiss counterclaim,

> [i]n its Counterclaim, Fireline is seeking to collect monies owed by Plaintiff pursuant to the Authorization for Repairs and Payment.  It is important to note that Fireline's claims are based on the same contract that Plaintiff has brought its claims against Fireline.  Thus, Plaintiff is attempting to restrict Fireline from pursuing its Counterclaim on the Authorization for Repairs and Payment, although Plaintiff has filed a breach of contract claim against Fireline on that very agreement.  Plaintiff filed the lawsuit against Fireline for breach of contract and can not now claim Fireline is not entitled to pursue its claim.

Of course, the counterclaim will be subject to all valid defenses that may be raised.  The litigation is not at that stage, however.

Neither motion satisfies the standards under Fed. R. Civ. P. 12(b)(6).  Therefore, they are not well taken.

Accordingly, **IT IS ORDERED**:

Defendant St. Paul's [8] Motion to Dismiss is **DENIED**;

Plaintiff Beauvoir's [20] Motion to Dismiss Counterclaim is **DENIED**.

**SO ORDERED** this the 11th day of December, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge